UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KEITH LAVON COOPER, JR.,

    Plaintiff,

v.                                      Case No. 3:19-cv-309-J-39MCR

FLORIDA DEPARTMENT OF
CORRECTIONS, et al.

    Defendants.
_____

**ORDER**

Plaintiff, Keith Lavon Cooper, Jr., through counsel, filed a fourth amended complaint on August 17, 2020 (Doc. 75; FAC). As more fully set forth in the Court's Order granting Defendants' motions to dismiss Plaintiff's third amended complaint (Doc. 73; Order), Plaintiff's claims arise out of an incident that occurred on April 30, 2015, at the work camp at Baker Correctional Center. See FAC ¶¶ 32, 72. According to Plaintiff, up to twenty-two other inmates, who were associated with a prison gang called the "Cutthroats," were impermissibly granted access to Plaintiff's housing unit where they beat Plaintiff to unconsciousness in retribution for falling behind on extortion payments demanded by the head of the Cutthroats, "the Terrorizer." Id. ¶¶ 43-

45, 48, 62, 65-67, 72-74. Plaintiff alleges corrections officers and the Warden could see the attack but did nothing to stop it. Id. ¶¶ 75-78.

Defendants Corizon, Freeman, Bickerstaff, Burnett, Guitherman, Massee, Phillips, Powell, Sailee, Saylor, and Stephen, in three separate motions (Docs. 78, 79, 83), move to dismiss the claims against them. Plaintiff has responded to the motions to dismiss (Docs. 81, 82, 85).

Upon review, the Court finds Plaintiff has adequately resolved the pleading deficiencies the Court identified in its Order granting Defendants' motions to dismiss Plaintiff's third amended complaint. First, the Court previously found Plaintiff failed to state a claim for relief against Corizon because Plaintiff did not identify a policy or custom that caused Plaintiff's injuries, nor did he allege a systemic deficiency in Corizon's health care plan for prisoners. See Order at 8-10. In Count III of his fourth amended complaint, Plaintiff alleges Corizon acted pursuant to an "adopted official policy or a longstanding practice or custom," and he explicitly identifies thirteen allegedly "unconstitutional customs, practices and/or policies" that contributed to or caused his injuries. See FAC ¶¶ 130-40, 173-75, 179-85.

Thus, Plaintiff's fourth amended complaint sufficiently puts Corizon on notice of the claim against it. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order

to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"). Plaintiff's fourth amended complaint includes allegations that, accepted as true, "raise a right to relief above the speculative level." Id. Plaintiff does not have to offer evidence or prove his claim in his complaint. Accordingly, Corizon's motion is due to be denied.

Second, the Court previously found Plaintiff failed to state a claim against Defendant Freeman because Plaintiff attributed no factual allegations to Freeman and appeared to name Freeman solely in a supervisory capacity. See Order at 16-17. In Counts I and II of his fourth amended complaint, Plaintiff alleges Defendant Freeman had subjective knowledge that Plaintiff was in danger (before the gang attack and during it) yet failed to take steps to ensure Plaintiff's safety, and because of Defendant Freeman's failure, Plaintiff suffered injuries. See FAC ¶¶ 21-31.

Plaintiff alleges the following facts to support his conclusions: Defendant Freeman knew about gang violence and contraband materials at Baker County Correctional, id. ¶¶ 29-31; Defendant Freeman knew the Terrorizer had been extorting payments from inmates, id. ¶ 46; Defendant Freeman knew that another inmate was previously attacked and paralyzed by an inmate who did not reside in but gained access to the injured inmate's dorm, id. ¶ 93; Defendant Freeman knew or should have known Plaintiff was attacked in the days before the subject attack, and knew that inmates of other dorms were

3

attempting to gain access to Plaintiff's dorm to target him, id. ¶ 99; and Defendant Freeman watched the gang-member-inmates attack Plaintiff through closed circuit television, but did not intervene or hit the panic button despite having had time to do so given the "length of the attack," id. ¶¶ 78, 81. Accepting these allegations as true, Plaintiff asserts a plausible Eighth Amendment claim against Defendant Freeman. Because Plaintiff states a plausible claim for relief against Defendant Freeman, Defendant Freeman is not entitled to qualified immunity at this juncture, and his motion is due to be denied.

Finally, the Court previously found Plaintiff stated a plausible failure-to-intervene claim against the officer-Defendants but directed Plaintiff to clarify his purported failure-to-protect claim and the factual allegations supporting his individual claims against the officers. See Order at 12. The Court noted the following deficiencies, among others: a failure to explicitly allege that the officers who observed prior attacks against Plaintiff were the ones who impermissibly granted the gang-member-attackers access to Plaintiff's dorm, id. at 13-14; a failure to allege the officers knew gang violence was rampant, that the Terrorizer had been extorting payments from Plaintiff and had threatened him for falling behind on those payments, or that Plaintiff had recently been attacked by gang members, id. at 14; and a failure to allege

4

how each officer individually failed or refused to obtain medical treatment for Plaintiff, id.

In Counts I and II if his fourth amended complaint, Plaintiff has cured the deficiencies with respect to the failure-to-protect and failure-to-intervene claims.[1] See FAC ¶¶ 29-31, 46, 52, 56-57, 60-64, 66-69, 71, 75-77, 79-80, 93, 97-98. While Plaintiff "lumps" all Defendants together in paragraphs 152 and 162, he incorporates by reference general factual allegations specifying what conduct by each officer supports his claims. Plaintiff has done enough to put the officer-Defendants on notice of the claims against them in Counts I and II.[2] Accordingly, on that basis, the officer-Defendants are not entitled to qualified immunity at this juncture, and their motion is due to be denied.[3]

In his response to the officer-Defendants' motion to dismiss (Doc. 85; Officer Resp.), Plaintiff seeks leave to amend his complaint to cure any

---

[1] It appears Plaintiff does not intend to pursue a claim for deliberate indifference to serious medical needs against the officer-Defendants. He asserts such a claim in Count III, but the only Defendant to which that claim is directed is Corizon. See FAC at 31.

[2] To the extent these counts may be somewhat duplicative or redundant, Defendants can explore and clarify the claims and facts supporting each claim during discovery.

[3] The officer-Defendants' assertion that a heightened pleading standard applies when a qualified-immunity defense is raised misstates the law. See Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010) ("Pleadings for § 1983 cases involving defendants who are able to assert qualified immunity as a defense shall . . . comply with the standards described in Iqbal.").

5

deficiencies. Plaintiff's request is moot given the Court finds Defendants' motion is due to be denied. The Court clarifies, however, that Plaintiff is permitted to proceed against the officer-Defendants for their failure to protect him from the April 30, 2015 attack, or for their failure to intervene during that attack, as stated in Counts I and II. Confusingly, in Count III (a claim for deliberate indifference to serious medical needs against Corizon), Plaintiff addresses the officer-Defendants' alleged conduct in two paragraphs. For instance, Plaintiff says the officer-Defendants delayed treatment "for up to three days" and ignored Plaintiff's inability to walk or stand. See FAC ¶¶ 176, 177. And in his response to the officers' motion, Plaintiff says he alleges facts showing the officer-Defendants were deliberately indifferent to his serious medical needs. See Officer Resp. at 13.

It appears these allegations and argument were mistakenly retained from prior versions of Plaintiff's complaint and motion responses. In his fourth amended complaint, Plaintiff names the officer-Defendants in Counts I and II only, not in Count III. See FAC at 21-31. Indeed, Plaintiff states in his response to Corizon's motion (Doc. 81; Corizon Resp.) that "Corizon is the sole defendant named in Count III of Plaintiff's [f]ourth [a]mended [c]omplaint." See Corizon Resp. at 5.

Even if Plaintiff intended to assert a claim against the officer-Defendants for deliberate indifference to serious medical needs, Plaintiff's own

allegations belie any contention that the officer-Defendants ignored his medical needs. Plaintiff alleges he was "taken to the medical unit and then air-lifted to Shands Hospital" the day of the attack, April 30, 2015, after which he returned to Baker Correctional for three days and then was transferred to Taylor Correctional, where he exhibited problems walking. See FAC ¶¶ 101, 102, 109-13.

The officer-Defendants, who worked at Baker Correctional, could not have been responsible for Plaintiff's housing conditions or medical care at a different correctional facility. Moreover, to the extent Plaintiff received constitutionally inadequate care during the three-day period between his discharge from Shands and his transfer to Taylor Correctional, he does not attribute factual allegations to the officer-Defendants that would permit the reasonable inference they were responsible for such a violation. Id. ¶¶ 103-07. For instance, Plaintiff does not allege the officer-Defendants saw him or interacted with him during that three-day period. See id.

Accordingly, it is now

**ORDERED:**

1.   Defendant Corizon's motion to dismiss (Doc. 78) is **DENIED**.

2.   Defendant Freeman's motion to dismiss (Doc. 79) is **DENIED**.

3.   Defendants Bickerstaff, Burnett, Guitherman, Massee, Phillips, Powell, Sailee, Saylor, and Stephen's motion to dismiss (Doc. 83) is **DENIED**.

7

4. Defendants Corizon, Freeman, Bickerstaff, Burnett, Guitherman, Massee, Phillips, Powell, Sailee, Saylor, and Stephen must **answer** Plaintiff's fourth amended complaint (Doc. 75) within **twenty days** of the date of this Order.

5. Plaintiff's motion to compel discovery (Doc. 74) is **DENIED as moot**.

6. Plaintiff's motion for an extension of the deadlines for expert disclosure and discovery (Doc. 86) is **GRANTED**.

7. In light of the extension of some deadlines, the Court sua sponte **extends** all deadlines in this. The Court will enter an amended case management and scheduling order separately. The Court expects the parties to adhere to the amended deadlines.

**DONE AND ORDERED** at Jacksonville, Florida, this 10th day of November 2020.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Counsel of Record